# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

MARK KRUSE, )
DONETTA KRUSE, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　　)
v. ) Case No. 15-CV-0444-CVE-FHM
　　　　　　　　　　　　　　　　　　　　　)
TRAVELERS HOME AND MARINE )
INSURANCE COMPANY, A Foreign For )
Profit Insurance Corporation, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )

## OPINION AND ORDER

Now before this Court is defendant's motion to dismiss plaintiffs' bad faith and punitive damages claims (Dkt. # 8). Defendant asks the Court to dismiss these counts because plaintiffs have failed to state a claim upon which relief can be granted. Id. Plaintiffs respond that they have alleged sufficient facts to state a claim, and ask the Court to deny defendant's motion, or, in the alternative, grant plaintiffs leave to amend their complaint. Dkt. # 13.

Plaintiffs filed this action in the Northern District of Oklahoma asserting claims of breach of contract, bad faith, and punitive damages. Dkt. # 2. Plaintiffs are holders of a homeowners' insurance policy issued by defendant. Id. at 2. Plaintiffs allege that their property suffered water damage due to a plumbing leak, after which they made a claim to defendant. Id. Plaintiffs allege that defendant was unreasonable in its investigation, evaluation, and payment of plaintiffs' claim. Id. at 3.

Defendant argues that plaintiff's bad faith and punitive damages claims should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. First, defendant asserts that plaintiffs have

failed to provide sufficient factual support, consistent with Twombly and Iqbal, to satisfy Fed. R. Civ. P. 12(b)(6). Second, plaintiff asserts that, under Oklahoma law, which governs this diversity action, it is a long-standing rule that punitive damages are not a separate cause of action.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions" Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

Defendant argues that plaintiffs' bad faith claim should be dismissed because plaintiffs' allegations are merely a recitation of the elements of the cause of action. A claim of bad faith under Oklahoma law requires a plaintiff to show: "(1) claimant was entitled to coverage under the insurance policy at issue; (2) the insurer had no reasonable basis for delaying payment; (3) the insurer did not deal fairly and in good faith with the claimant; and (4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the claimant's injury." Ball v. Wilshire Ins. Co., 221 P.3d 717, 724 (Okla. 2009). In support of their bad faith claim, plaintiffs assert that defendant's conduct includes a failure to pay for covered damages, a failure to adequately and timely investigate plaintiffs' claim, delay of payment, and failure to cooperate and deal fairly. Dkt. # 2, at 4. Plaintiffs fail, however, to provide any factual basis that would support these assertions. Plaintiffs' general allegations are no more than "conclusory allegations without supporting factual averments" and do not state a plausible claim of bad faith. This claim should thus be dismissed. However, plaintiffs will be permitted to file an amended complaint realleging this claim if they believe that they can state facts sufficient to support a claim of bad faith.

Defendant also argues that plaintiffs' punitive damages claim should be dismissed because punitive damages are not an independent cause of action under Oklahoma law. Plaintiffs' state law claim for punitive damages is not an independent cause of action, but depends upon the existence of a separate claim. Smith v. Warehouse Market, Inc., 586 P.2d 724, 726 (Okla. 1978) ("[I]n this state a claim for punitive damages cannot be a separate and independent cause of action, but is only incidental or collateral to the claim for actual damages . . . ."). Plaintiffs' separate claim for punitive damages should thus be dismissed.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Dkt. # 8) is **granted**. Plaintiffs may file an amended complaint re-alleging their bad faith claim no later than **October 6, 2015**.

**IT IS FURTHER ORDERED** that the parties' deadline for filing joint status report is extended to **October 8, 2015.**

**DATED** this 22nd day of September, 2015.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE