UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK KRUSE, ) | |
| DONETTA KRUSE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 15-CV-0444-CVE-FHM |
| ) | |
| TRAVELERS HOME AND MARINE ) | |
| INSURANCE COMPANY, A Foreign For ) | |
| Profit Insurance Corporation, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is defendant's motion to dismiss plaintiffs' amended bad faith claim and brief in support (Dkt. ## 18, 19). Defendant asks the Court to dismiss this cause of action because plaintiffs have failed to state a claim upon which relief can be granted. Id. Plaintiffs respond that they have pled sufficient facts to state a claim and ask the Court to deny defendant's motion. Dkt. # 21.

Plaintiffs filed this action in the Northern District of Oklahoma, originally asserting claims of breach of contract, bad faith, and punitive damages against defendant, which issued plaintiffs a homeowners insurance policy. Dkt. # 2, at 1-2. Plaintiffs assert that defendant failed to properly investigate, evaluate, and pay a claim covered under the insurance policy after plaintiffs' home suffered water damage from a plumbing leak. Dkt. # 15, at 3. In a previous opinion and order, this Court granted defendant's motion to dismiss plaintiffs' bad faith and punitive damages claims, but granted plaintiffs leave to file an amended complaint realleging their bad faith claim. Dkt. # 14.

Plaintiffs subsequently filed an amended complaint realleging their bad faith claim. Dkt. # 15. Defendant now seeks dismissal of plaintiffs' amended bad faith claim. Dkt. ## 18, 19.

Defendant argues that plaintiffs' bad faith claim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Dkt. # 18. Defendant asserts that plaintiffs' amended complaint fails to cure the defects of plaintiffs' original complaint, and that the amended complaint does no more than repackage the conclusory allegations that this Court previously found insufficient. Dkt. # 19, at 2. Defendant further asserts that the insurance policy does not cover the event that led to the property damage plaintiffs suffered. Id. at 3.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court

need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). "The Court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1225, 1236 (10th Cir. 1999). A defendant's "mere denial" of the plaintiff's allegations has no bearing on the Court's ruling on a motion to dismiss under Rule 12(b)(6). Catipovic v. Turley, No. C 11-3074-MWB, 2012 WL 2089552, at *24 (N.D. Iowa June 8, 2012).

In its motion, defendant largely categorizes plaintiffs' factual allegations as conclusory in nature and asserts that the homeowners insurance policy does not cover the complained-of event. However, the Court must accept the well-pleaded allegations of the complaint as true, and defendant's denial of the allegations of the amended complaint cannot be considered by the Court in ruling on its motion to dismiss. The amended complaint includes sufficient allegations to state this claim against defendant. A claim of bad faith under Oklahoma law requires a plaintiff to show: "(1) claimant was entitled to coverage under the insurance policy at issue; (2) the insurer had no reasonable basis for delaying payment; (3) the insurer did not deal fairly and in good faith with the claimant; and (4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the claimant's injury." Ball v. Wilshire Ins. Co., 221 P.3d 717, 724 (Okla. 2009). Plaintiffs allege that their home suffered water damage, which was caused by a policy-covered plumbing leak. Dkt. # 15, at 2. Plaintiffs assert that defendant sent an adjuster to evaluate the claim who never

provided an estimate of damages, defendant closed plaintiffs' claim without paying or notifying plaintiffs, defendant failed to explain the reason for denial of plaintiffs' claim, defendant refused to hire an engineer to inspect the damages, defendant's employee told plaintiffs "It doesn't matter, we are not paying for it either way," defendant did no further investigation after plaintiffs sent defendant a report from their own engineer that stated that the water damage was caused by a policy-covered event, and defendant withheld payment of plaintiffs' claim. Id. at 6-9. Plaintiffs further allege that, as a result of defendant's failure to timely pay their claim, plaintiffs incurred costs of hiring their own engineer to inspect the damage, were not paid for covered damages to their home, including damage to floors, walls, interior finishes, bricks, and drywall, were not provided temporary relocation expenses consistent with the policy terms, and were forced to rely on temporary heating sources to heat their home. Id. at 9. The amended complaint contains sufficient factual allegations to state a bad faith claim against defendant. Defendant's assertion that plaintiffs' amended complaint repackages conclusory allegations from the original complaint and its denial that the policy covers the event at issue do not constitute a sufficient basis to dismiss the well-pleaded bad faith claim in the amended complaint. Defendant's motion to dismiss the bad faith claim should be denied.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss plaintiffs' amended bad faith claim and brief in support (Dkt. ## 18, 19) is **denied**.

**DATED** this 8th day of December, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE